PS 8
(8/88)

# United States District Court

for

THE DISTRICT OF GUAM

U.S.A. vs: __THERESE M. HART__     Docket No. __02-00061-001__

## Petition for Action on Conditions of Pretrial Release

COMES NOW __Rossanna Villagomez-Aguon__ PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Therese M. Hart__ who was placed under pretrial release supervision by the Honorable __John S. Unpingco__ sitting in the court at __Hagatna, Guam__ on the __4th__ date of __September__, 20 __02__ under the following conditions:

Report to the U.S. Probation Office as instructed; maintain or actively seek employment; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; remain at a fixed address and not leave the Territory of Guam without the prior permission of this Court; refrain from excessive use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; and comply with all standard conditions of release as set forth by U.S. Probation Office. Conditions modified on March 3, 2003 to include that the defendant submit to a mental health assessment, participate in any recommended treatment as a result of the assessment, and pay a co-payment.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here; if lengthy write on separate sheet and attach)

**Please see attached Violation Report.**

**FILED**
DISTRICT COURT OF GUAM
AUG -2 2005
MARY L.M. MORAN
CLERK OF COURT

PRAYING THAT THE COURT WILL

Pursuant to 18 U.S.C. § 3148, set this matter for a hearing and that a summons be issued for the defendant's appearance at a hearing where the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be modified, or for any other matter for which the Court may deem just and proper.

ORDER OF COURT

Considered and ordered this __1__ day of __Aug.__, 20__05__ and ordered filed and made a part of the records in the above case.

__CONSUELO B. MARSHALL*__
U.S. District Judge/Magistrate
*Setting by designation

Respectfully,

__Rossanna Villagomez-Aguon__
U.S. Pretrial Services Officer

Place: __Hagatna, Guam__

**RECEIVED**
JUL 28 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Date: __July 27, 2005__

**ORIGINAL**

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA<br>        Plaintiff,<br><br>vs.<br><br>THERESE HART<br>        Defendant. | USDC Cr. Cs. No. 02-00061-001<br><br>DECLARATION IN SUPPORT OF PETITION |

**Re: Violations of Pretrial Release Conditions**

    I, U.S. Probation Officer Rossanna Villagomez-Aguon, am the U.S. Probation Officer assigned to supervise the Court-ordered release conditions for Therese Hart, and in that capacity declare as follows:

    On September 4, 2002, Therese Hart made an Initial Appearance in the District Court of Guam on an Information, which charged her with Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Together with counsel, she pleaded guilty to the Information. She was released on personal recognizance and under the following conditions: report to the U.S. Probation Office as instructed; maintain or actively seek employment; surrender any passport to the Clerk of Court, District Court of Guam; obtain no passport; remain at a fixed address and not leave the Territory of Guam without the prior permission of this Court; refrain from excessive use of alcohol; refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; and comply with all standard conditions of release as set forth by U.S. Probation Office. On March 3, 2003, the Court modified Ms. Hart's release conditions to include that she submit to a mental health assessment and participate in any recommended treatment, and make a co-payment fee for treatment at a rate to be determined by the probation office. Sentencing is currently set for August 4, 2005. Ms. Hart is alleged to have violated the following conditions of her pretrial release:

**Standard Conditions:** *The Defendant shall report to the U.S. Probation Office as instructed. The Defendant shall comply with all standard conditions of release as set forth by the U.S. Probation Office.* On June 27, 2005, Ms. Hart contacted this Officer and reported that she found employment with Botanica Inc. as a candle maker, and was to begin work on June 29, 2005. It was requested then that she submit an employment verification to the probation office. On July 7, 2005, Ms. Hart contacted this Officer and reported that she was sick and could not submit her monthly report on time.

    On July 22, 2005, Ms. Hart reported to the probation office and informed U.S. Probation Officer Maria Cruz (presentence report investigating officer) and this Officer again that she was gainfully employed with Botanic Inc. as a candle maker. In addition, she included this information in her monthly report form and certified by her signature that

Declaration in Support of Petition
Re: Therese Hart
USDC Cr. Cs. No. 02-00061-001
Page 2

the information was complete and correct. Ms. Hart did not provide an employment verification as previously requested. On the same date, July 22, 2005, this Officer contacted Mr. Bill Camacho, owner of Botanica Inc., to verify Ms. Hart's employment. Mr. Camacho informed this Officer that he did not have an employee named Therese Hart nor had he ever employed Ms. Hart.

On July 25, 2005, this Officer met with Ms. Hart at which time she admitted that she had lied to U.S. Probation Officer Maria Cruz, this Officer and in her pretrial monthly report form about her employment status. She stated that she thought she would be able to work at Botanica Inc., but was informed that she could not due to her pending cases.

**Supervision Compliance:** Ms. Hart has reported weekly in person or by telephone as required. She completed her mental health treatment and was released from treatment on January 14, 2005. This probation officer has no information to suggest that Ms. Hart has not complied with other conditions of pretrial release.

**Recommendation:** Pursuant to 18 U.S.C. § 3148, this Officer respectfully requests that this matter be scheduled for a hearing and a summons be issued for the defendant's appearance at that hearing to determine if her bail should be revoked or modified.

Executed this 27½ day of July 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer

Reviewed by:

_____
CHRISTOPHER J. DUENAS
U.S. Probation Officer Specialist
Acting Chief U.S. Probation Officer

cc: Mr. Jeffrey J. Strand, AUSA
    Mr. D. Graham Botha, Defense Counsel
    File